UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHARMONA COUNCIL<br><br>Plaintiff,<br><br>-v.-<br>GC SERVICES, LP<br><br>Defendant. | Civil Action No:<br><br>**COMPLAINT** |

Plaintiff Sharmona Council ("Plaintiff" or "Council") by and through her attorneys, RC Law Group, PLLC, as and for her Complaint against Defendant GC Services, LP ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Texas, County of Tarrant, residing at 432 San Lucas Drive, Crowley, TX 76036.

3. Defendant is a debt collector with an address at 6330 Gulfton, Houston, TX 77081.

4. GC Services, LP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et. seq*. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Specifically, the debt was incurred on a Home Depot credit card and was used to purchase personal, family and household items, thus constituting a consumer debt under the FDCPA.

11. On or around July 20, 2016, Defendant sent a collection letter to Plaintiff.

12. The letter stated "Citibank, N.A. will report any discharge or indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions."

13. This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C. (See Good v. Nationwide Credit, Inc., finding that the statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law. The court also found that the statement's invocation of the IRS was deceptive and materially misleading.)

14. This letter does not indicate how much of the current debt is interest and how much is principal.

15. The letter fails to disclose to consumers that there is a distinction between principal and interest in regards to IRS requirements.

16. Even the most sophisticated tax professional cannot issue an opinion without this information and it only acts to overshadow the settlement offer.

17. Finally, as the debt is $720.54 and Defendant is offering to settle the debt for $360.27, it is impossible for the $600 threshold required for IRS reporting to occur, making this statement false, deceptive and misleading.

18. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

21. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sharmona Council demands judgment from the Defendant GC Services, LP, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
June 14, 2017

/s/ Michael Jay Ringelheim
**RC Law Group, PLLC**
By: Michael Jay Ringelheim, Esq.
285 Passaic Street
Hackensack, NJ 07601

Phone: (201) 282-6500 Ext. 254
Fax: (201) 282-6501
mjringelheim@rclawgroup.com